AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:22-cv-_____

**Michael Stoole**,

        **Plaintiff,**

v.

**Bret's Electric, LLC**; **Bret Martin**, an individual; and **Janet Martin**, an individual,

        **Defendants.**

## VERIFIED COMPLAINT

### INTRODUCTION

1. Plaintiff Michael ("Mike") Stoole ("Plaintiff") worked for Defendants' construction company for over 8 years, from September 17, 2013 until January 23, 2021. He held various titles throughout his career with Defendants' company, starting as an Electrician and working up to the role of Foreman. On November 1, 2016, Plaintiff was promoted from Foreman to Project Manager, however, this was essentially a promotion in title only. Plaintiff's job duties were almost exactly the same as when he was a Foreman, and he did not have any increased authority over employees in this "new role". During his tenure as a Project Manager, Plaintiff was paid on a salary basis and improperly not paid overtime when he worked more than 40 hours a week. In addition, the company garnished his wages in excess of the allowable limit and when he left his employment the company failed to pay out his earned vacation time.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through

his attorneys, against Defendants Bret's Electric, LLC, Bret Martin, and Janet Martin, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA"). Plaintiff also brings a claim for conversion premised upon some of the same issues.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq*. of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. Defendants' construction company is based at 8312 Raspberry Way Suite A, Frederick, CO 80504, and the Defendants reside in this district.

## PARTIES

### Defendant Bret's Electric, LLC d/b/a Bret's Electric

6. Defendant **Bret's Electric, LLC** is a limited liability company whose principal place of business is located at 8312 Raspberry Way Suite A, Frederick, CO 80504, which is in Weld County. Its registered agent is listed with the Colorado Department of State as Janet Martin at the same address.

7. At all relevant times, Defendant Bret's Electric had annual gross revenues in excess of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 2

$500,000.

8. At all relevant times, Defendant Bret's Electric was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Defendant Bret's Electric purchases supplies, equipment and other necessary items to run its construction company and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado.  Further, Defendant Bret's Electric advertises its services to the entire world on the internet at www.bretselectric.com. Agents of Defendant Bret's Electric also accept payments, place orders, and otherwise conduct business by telephonic and/or online means, often entailing communications with companies or individuals out of state.

10. At all times material to this action, Defendant Bret's Electric was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendants Bret and Janet Martin**

11. Defendants Bret and Janet Martin ("the Martins"), a married couple, reside in Weld County, Colorado, upon information and belief.

12. At all times material to this action, both of the Martins actively participated in the business of the corporation.

13. Bret Martin is an owner of the company.

14. Janet Martin may also have a separate personal ownership stake in the company; Plaintiff does not have access to that information.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 3

15. Mr. Martin is the President of the company; Ms. Martin is the Vice President of the company. Functionally, Mr. Martin serves in a more public facing role whereas Ms. Martin manages the internal functions such as bookkeeping and payroll.

16. At all times material to this action, the Martins both exercised substantial control over the functions of the company's employees including Plaintiff. For example, Mr. Martin had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. Particularly relevant here, Ms. Martin was the individual with whom the Plaintiff had communications regarding his unpaid vacation pay, as she was the individual who not only processed it but also had decision-making authority in that regard.

17. At all times material to this action, both Martins were additional "employers" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Mike Stoole**

18. Plaintiff Mike Stoole is a resident of Windsor, Colorado, which is in Weld County.

19. Plaintiff Stoole worked for Bret's Electric as an Electrician from September 17, 2013 to January 23, 2022. At first he was paid hourly, but on November 1, 2016 he was promoted to a "Project Manager" and improperly paid on a salary basis.

20. In order to perform his job, Plaintiff was required to abide by and ensure compliance with established building codes and other industry standards.

21. Plaintiff did not have independent discretion; for any decisions involving matters of significance he would have to escalate the decision to one someone else above him in management (Defendant Bret Martin, Defendant Janet Martin, their son Justin Martin, or the other owner of the company, Terry Rothe, who was a field manager).

22. Plaintiff did not have the authority to hire or fire other employees.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 4

23. At all times material to this action, Plaintiff Stoole was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

24. While working in this capacity, Plaintiff Stoole was not expected to record his time worked for payroll or compensation purposes. There were "time sheets" that he and others would fill out in relationship to categorizing what time was spent on what project (roughly analogous to lawyers and paralegals tracking their time in relation to their cases or matters), but these did not capture all the work that he did in a given week.

25. Plaintiff estimates that generally he worked approximately 50 hours per week. He typically worked more than 8 hours a day Monday through Friday, and would also do some weekend work as well at times.

26. Defendants did not pay Plaintiff anything extra when he worked more than 40 hours a week.

27. When he left his employment the company did not pay him out his earned vacation time. Instead they reverse engineered his final paycheck to make it look as if he had been paid out for some vacation time, artificially.

28. In addition, Defendants garnished his pay was in excess of the maximum allowed by law.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

29. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 5

### *Failure To Pay Time Overtime Properly*

30. Defendants failed to compensate Plaintiff at a rate of one and one half times his regular rate for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Record-Keeping Failures*

31. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

32. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

33. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

34. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

36. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6) (and prior to that as defined by the applicable Wage Orders at 7 C.C.R.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 6

1103-1(2))

37. Plaintiff is Defendants' "employee" as that term is defined by the Wage Orders / COMPS because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

38. Plaintiff work more than 40 hours at least some workweeks.

39. Defendants do not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

40. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

41. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

42. Defendants violated the CWA as implemented by the Wage Orders/COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

43. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

44. Plaintiff has been separated from employment with Defendants.

45. Defendants have failed to pay Plaintiff all his wages and compensation earned during

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 7

Plaintiff's employment.

46. Specifically, in addition to the overtime they should have paid him, Defendants also did not pay his earned and unused vacation time when he left their employment.

### *Improper Deductions*
**(Violation of the C.R.S. § 8-4-105)**

47. The Defendant made deductions from Plaintiff's wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9)

48. More specifically, Defendants garnished his wages in excess of the amount allowable by law.

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

49. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated March 15, 2022.

50. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated March 30, 2022.

51. Defendant has not tendered any payment in response to these demands.

52. More than 14 days has elapsed since March 15, 2022.

53. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

### *Damages*

54. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 8

## As And For A Third Cause of Action:
### CONVERSION/ THEFT OF SERVICES

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

56. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

57. By reverse engineering his final paycheck to look as if he was being paid for his accrued vacation time, Defendants have willfully and intentionally failed to pay the Plaintiff all of his wages or compensation, and therefore have committed theft of services.

58. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)   Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 9

(C)   Award Plaintiff statutory damages as provided for the CWCA; and

(D)   Award Plaintiff treble damages for the conversion aspect of his claims;

(E)   Award Plaintiff interest; and

(F)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G)   Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 16 day of **June**, **2022**.

ANDERSONDODSON, P.C.

*s/ Penn Dodson*

**Penn A. Dodson**
penn@andersondodson.com
CO Bar Reg No. 54677
11 Broadway, Suite 615
New York, NY  10004

**Mary Beth Melso**
mmelso@andersondodson.com
CO Bar Reg No. 56800
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401

(212) 961-7639 tel.

Attorneys for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 10

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on  6/16/2022                              at   Windsor, CO
               (date)                                     (city or other location, and state)

         **Michael Stoole**                                           *Michael Stoole*
       Printed Name of Plaintiff                                  Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Stoole v. Bret's Electric*
USDC, District of Colorado

Complaint
Page 11